UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-465-H

CHRIS MEINHART, PUBLIC
ADMINISTRATOR, as Administrator
of the Estate of Larry Noles                                                                PLAINTIFF


v.


MICHAEL L. CAMPBELL, et al.                                                              DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

Defendant, Thorntons, Inc. ("Thorntons") has moved to dismiss all claims against it brought under 42 U.S.C. § 1983. The complaint contains a mixture of federal constitutional and state tort claims.

In Count I, Plaintiff, the administrator of the estate of decedent Larry Noles, alleges that officers Michael Campbell and Matthew Metzler of the Louisville Metro Police Department, the latter employed by Thorntons on the relevant occasion in an off-duty capacity, violated Noles' Fourth and Fourteenth Amendment rights. Count II alleges only state law assault and battery claims against Campbell and Metzler. Count III alleges that Thorntons and Louisville/Jefferson County Metro Government ("Metro Louisville") are vicariously liable for the allegedly negligent conduct of Metzler, and that Metro Louisville is additionally vicariously liable for the allegedly negligent conduct of Campbell. Count IV asserts a failure to train by Thorntons and Metro Louisville, due to which Plaintiff alleges that Thorntons and Metro Louisville are liable for the allegedly unconstitutional behavior of Campbell and Metzler. Count V sounds only against

Campbell and Metzler for punitive damages.

Thorntons argues that Plaintiff's § 1983 claims alleged as part of Counts III and IV must be dismissed, and this Court agrees. It is not clear that Count III alleges vicarious liability against Thorntons under § 1983. To the extent that it does, however, a corporation cannot be vicariously liable under § 1983 for the acts of an employee or independent contractor. *See, e.g., Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1129–30 (11th Cir. 1992), for the proposition that a corporation "cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis," since though *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978), "involved a municipal corporation . . . every circuit to consider the issue has extended the holding to private corporations as well"). Thortons' only vicarious liability, therefore, is that which may arise under state law.

Count IV alleges that Thorntons failed to adequately train Campbell and Metzler,[1] and that this failure caused the violations Plaintiff alleges. Of course, only those who under color of state law "cause[] to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" are liable under section § 1983. Thus not only must Thorntons have failed to adequately train Metzler, but this failure must also have caused the violations Plaintiff alleges and Thorntons must have been acting under color of state law in failing to adequately train Metzler.

The threshold question as to this allegation must be whether a private company operating

---

[1] Though Count IV alleges that Thorntons is liable for Campbell's conduct, since Campbell (and his actions) bore no relationship whatsoever to Thorntons, and therefore Thorntons could not have failed to train him, the Court will construe Count IV as only alleging Thorntons' failure to train the actor with whom it had a relationship, Metzler.

gas stations and food marts acts under color of state law simply because it hires off-duty policemen as security guards. "The Supreme Court has developed three tests for determining the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). These tests seek to establish whether a private actor is exercising "powers traditionally exclusively reserved to the State." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974).

In certain circumstances distinguishable from those here the employment of an off-duty law enforcement officer as a private security guard might be considered state action. *See, e.g., Chapman,* 319 F.3d at 834–35 (holding that where a private employer's policies "directly implicate the state" by requiring involvement of the police in certain situations, there was at least a jury question as to whether the employer was a state actor). However, many courts have held that the actions of private security guards, while traditionally exercised by the state, are not *exclusively* exercised by the state, and therefore are not necessarily state action. *See id.* at 833–34 (citing *Wade v. Byles*, 83 F.3d 902, 906 (7th Cir. 1996); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1457 (10th Cir.1995); *White v. Scrivner Corp.*, 594 F.2d 140, 142–43 (5th Cir.1979)). Thus the fact that Thorntons retained Metzler in an effort to protect its property does not "implicate the state" as a *per se* matter, and so Plaintiff must make some additional showing of state action. His failure to do so is fatal to his § 1983 claim.

Though there are circumstances in which Thorntons might be liable under § 1983 for Metzler's actions, "[t]he inquiry is fact-specific, and the presence of state action is determined on a case-by-case basis." *Id.* at 834. Thorntons' involvement here is clearly insufficient to allow

Plaintiff to seek relief against Thorntons under § 1983.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Thortons' motion is SUSTAINED and the causes of action against it under § 1983 are DISMISSED WITH PREJUDICE.

This is not a final order.

cc: Counsel of Record