UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-465-H

CHRIS MEINHART, PUBLIC ADMINISTRATOR,
as Administrator of the Estate of Larry Noles             PLAINTIFF

V.

MICHAEL L. CAMPBELL, et al.                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, Thorntons, has moved for a clarification of the Court's previous Memorandum Opinion and Order dated April 24, 2008, while Plaintiff has moved for a reconsideration of it.

First, a clarification may be in order. The Court reviewed and considered and dismissed Plaintiff's claims under 28 U.S.C. § 1983, which appeared to be contained in Counts III and IV of the complaint. The Court assumed that Plaintiff did make § 1983 claims against Thorntons in Counts III and IV. The Court gave no consideration to any pending state law claims against Thorntons. To the extent Plaintiff has made any state law claims against Thorntons, the Court neither considered nor dismissed them. The Court is unaware that Kentucky law would countenance a state law failure to train claim against a private employer who hires a trained police officer. Therefore, Thorntons should remain a party Defendant. The Court's further review and reconsideration starts from this point.

Plaintiff has asked the Court to reconsider its dismissal of the Section 1983 claims on the

grounds that he should have an opportunity to discover the material facts which could support such a claim. However, the complaint does not allege any facts which might subject Thorntons to liability under Section 1983. Plaintiff has premised his claims against Thorntons solely upon the legal concept of respondeat superior and not based upon a breach of any constitutional duty by Thorntons itself, nor based upon any policy or directive of Thorntons.

Plaintiff has stated only a bare bones claim against Thorntons based upon their vicarious liability for Metzler's negligence (Count III) and its failure to train (Count IV). The complaint makes no allegation to support these legal conclusions. Liability under § 1983 may not be based entirely upon respondeat superior or vicarious liability. *Street v. Corrections Corporation of America,* 102 F.3d 810, 818 (6th Cir. 1996). The Court cannot conceive of circumstances under which Thorntons might be liable under § 1983, even if such a cause of action exists under state law.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to reconsider dismissal of the § 1983 claims against Thorntons is DENIED.

IT IS FURTHER ORDERED that any state law claims in the complaint against Thorntons shall remain at this time and Thorntons shall remain a defendant.

IT IS FURTHER ORDERED that the following claims remain: Count I, unconstitutional search and seizure claims against Campbell and Metzler; Count II, state law assault and battery claims against Campbell and Metzler; Count III, state law negligence and § 1983 excessive force claims against Campbell, Metzler, Metro Government and Thorntons (negligence only); Count IV, § 1983 failure to train claim against Metro Government; and Count V, punitive damages against Metzler and Campbell.

IT IS FURTHER ORDERED that the parties shall submit a new discovery schedule. The trial date shall remain as September 28, 2009.

cc: Counsel of Record