UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-465-H

CHRIS MEINHART, PUBLIC ADMINISTRATOR FOR THE ESTATE OF LARRY NOLES     PLAINTIFF

V.

MICHAEL CAMPBELL, MATTHEW METZLER, AND LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This Section 1983 case involves the death of Mr. Larry Noles following an encounter with officers of the Louisville Metro Police Department in which the officers used a taser on Mr. Noles. Plaintiff, the administrator of Mr. Noles' estate, brought this action against the police officers and Louisville Metro Government for use of excessive force and a failure to properly train officers on the use of tasers. With trial of the case imminent, Defendants move the Court in limine to exclude any argument that Mr. Noles' damages may include loss of Social Security Disability payments. This is an interesting question upon which Kentucky courts have no ruled.

I.

Early on September 5, 2006, Mr. Noles, 52 years old, was found disrobed and standing in the middle of an intersection. According to the police, Mr. Noles was behaving erratically. Eventually, police attempted to apprehend Mr. Noles to take him to a hospital where he could receive physical and psychiatric help. In the process of taking Mr. Noles into custody, the officers used tasers, striking him in disputed areas of the body. Mr. Noles died shortly thereafter.

1

For a significant period of time prior to this incident, Mr. Noles received Social Security disability benefits in the amount of $1,200.00 per month. It is undisputed that this was his only income and that such income was based on a disability preventing Mr. Noles from holding any job. At this time, the parties dispute whether disability benefits can properly be considered as evidence of compensatory damages under Kentucky's wrongful death statute.

## II.

Although Plaintiff's claim arises under 42 U.S.C. § 1983, the measure of Plaintiff's damages for wrongful death is controlled by Kentucky law. Kentucky has adopted a wrongful death statute providing,

> Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased.

Ky. Rev. Stat. § 411.130(1). While this statute clearly provides that "damages" caused by the death are recoverable, it does not define or limit the extent of damages available. However, Kentucky courts routinely hold that "[t]he measure of damages for a wrongful death in this jurisdiction is the value of the destruction of the power of the decedent to earn money." *Adams v. Davis*, 578 S.W.2d 899, 902 (Ky. Ct. App. 1979). The question, thus, is whether disability benefits can be included as damages arising from the destruction of Mr. Noles' power to earn money.

Because no Kentucky Court has directly addressed this issue, it is this Court's obligation to examine the law in Kentucky and predict how Kentucky courts would handle the situation. The Court is aided in its analysis by Kentucky's treatment of similar circumstances and the

overarching purpose of compensatory damages in a wrongful death action.

The parties' arguments focus almost exclusively on the proper interpretation of the "the power to earn money" standard. Defendants contend that Kentucky's "power to earn money" interpretation means that where the decedent is unable to work for a living, the decedent's estate cannot recover lost income damages. Because Mr. Noles was on disability and could not work, Defendants argue that Plaintiff cannot recover compensatory damages based on lost earnings. On the other hand, Plaintiff argues that "the power to earn money" should include the ability of the decedent to draw any income, even if that income accrues from sources other than the decedent's labor. For this argument, Plaintiff contends that disability benefits are analogous to retirement pension benefits, which are included in the calculation of wrongful death damages. The Court has carefully considered the arguments of both parties and examined relevant case law in Kentucky and other jurisdictions. Being so advised, the Court can now fully address the parties' differing positions.

**A.**

The first step in analyzing this issue is an examination of the purpose of the wrongful death statute. Discussing tort damages generally, Kentucky's then-highest court said, "It is the purpose, policy, and provision of the law that the wrongdoer shall be liable for the *whole damage* caused by his wrongful act." *Whitney Transfer Co. v. McFarland*, 138 S.W.2d 972, 976 (Ky. 1940) (emphasis added). In the context of a wrongful death action, this principle certainly indicates that the estate should be compensated for all losses incurred as a result of the death. Such a reading of the statute is consistent with the Kentucky Court of Appeals decision in *Empire Metal Corp. v. Wohlwender*, 445 S.W.2d 685 (Ky. 1969), where the Court held that the

Kentucky wrongful death statute is "one of the so-called 'true' wrongful death statutes which have been construed to measure damages by loss to the decedent's estate . . ." *Id.* at 687. Moreover, to accomplish this goal of completely compensating the estate for the whole damage courts have stated that "[u]nder the Kentucky rule of damages a great deal of latitude must necessarily be allowed in wrongful death cases." *Adams*, 578 S.W.2d at 902 (citing *City of Louisville v. Stuckenborg*, 438 S.W.2d 94 (Ky. 1968)). In this case, Mr. Noles likely would have continued to receive his disability benefits but for his death.[1] Therefore, his death caused a loss of income to his estate of $1,200.00 per month. Such a loss would certainly be included to compensate the estate for its "whole damage."

### B.

Second, this issue is analogous to the issue of whether a decedent's estate can recover for loss of pension payments. In such a case, like here, the payments made to the decedent are not the result of the decedent's labor. Rather, payments are made based on a form of contract; one party is obligated to pay the decedent until his death because of an agreement the parties have. Kentucky has long held that pension payments are recoverable in a wrongful death action. *See Heskamp v. Bradshaw's Adm'r*, 172 S.W.2d 447, 451 (Ky. 1943). In *Heskamp*, the court stated, "We think a pension . . . is a proper element to be considered by the jury in arriving at a verdict in an action brought for damages for the death of a person by tortious act pursuant to Kentucky Statutes, § 6, KRS 411.130. Such a pension is a *substitute for earning power*." *Id.*

---

[1] Defendants argue that Social Security disability benefits can be reviewed at any time and, therefore, Plaintiff is not entitled to a presumption that those benefits would have continued but for Mr. Noles' death. While Defendants can certainly make this argument to the jury in seeking reduced compensatory damages, it does not follow that Plaintiff cannot assert that Mr. Noles more likely than not would have continued to receive these benefits until he reached retirement age and his benefits were converted to Social Security old age benefits.

4

(emphasis added). This logic applies directly to this case. In essence, the Social Security Administration paid Mr. Noles because he had no earning power. Had he possessed earning power, he would not have received any disability benefits. Therefore, the disability payment were a "*substitute for earning power*" and, under the theory accepted in *Heskamp,* are recoverable.

### C.

The Court has found only one case indicating that Kentucky courts may find that the decedent's disability prevents compensatory damages in a wrongful death action. In *Turfway Park Racing Assoc. v. Griffin*, 834 S.W.2d 667 (Ky. 1992), the Kentucky Supreme Court considered whether a jury could permissibly return a zero dollar future earnings award for the wrongful death of a four-year-old boy killed on the defendant's property. The Court determined that although the boy had never earned income, he was presumed to have the power to earn money. Therefore, the jury was not permitted to return a zero dollar verdict. *Id.* at 671. In analyzing the issue, the court stated,

> [D]amages flow naturally from the wrongful death of a person unless there is evidence from which the jury could reasonably believe that the decedent possessed no power to earn money. In the case at bar, there was no evidence that the decedent was other than a normal four-year-old boy and certainly no evidence of a disability so profound as to render him incapable of earning money upon reaching adulthood.

*Id.* This dictum could be interpreted as indicating that where a person has a disability preventing him from earning money, damages for wrongful death are not available. This Court, however, does not believe that was the intention of the Kentucky Supreme Court.

In *Griffin*, the court was not presented with a decedent who was disabled. Moreover, the court did not consider that a disabled decedent could have been earning money under disability

5

programs such as Social Security. Rather, the court was presented only with a fully capable four-year-old boy who, presumptively, would be able to work for a living upon reaching adulthood. Dictum from a case such as this, where the court did not consider the issue presented in the present action, should not overcome the sound reasons for allowing Plaintiff to seek recovery for the loss of disability payments incurred as a result Mr. Noles' allegedly wrongful death.

Given this analysis, the Court predicts that Kentucky would not exclude Social Security disability benefits in determining the damages to Mr. Noles' estate.[2]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion in Limine to exclude evidence of Social Security disability benefits is DENIED. Such benefits may be considered by the jury in determining compensatory damages.

cc: Counsel of Record

---

[2] The Court has found no foreign cases prohibiting consideration of disability benefits as damages in a wrongful death action. Rather, the courts addressing this issue appear to agree that disability benefits may be considered. *See, e.g., Consolidated Freightways Corp. of Delaware v. Futrell*, 410 S.E.2d 751, 753 (Ga. Ct. App. 1991); *Kwasny v. United States*, No. 80 C 2198, 1986 WL 9184 (N.D. Ill. Aug. 15, 1986).