UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-465-H

CHRIS MEINHART, PUBLIC                                                                  PLAINTIFF
ADMINISTRATOR FOR THE
ESTATE OF LARRY NOLES

V.

MICHAEL CAMPBELL,                                                                      DEFENDANTS
MATTHEW METZLER, AND
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT

**MEMORANDUM OPINION AND ORDER**

Plaintiff has tried this case arguing that two Louisville Metro Police Officers, Michael Campbell and Matthew Metzler, used excessive force in taking Mr. Larry Noles into custody for the purpose of taking him to a hospital for treatment. It is undisputed that Officer Campbell used a taser on Mr. Noles to subdue him. In addition to the excessive force claim, Plaintiff seeks recovery from Louisville Metro Government on a failure to train theory. At this time, the Court finds as a matter of law that Plaintiff has failed to present sufficient evidence on the failure to train claim to reach a jury.

Throughout the trial, Plaintiff has referenced the standard operating procedures ("S.O.P.s") of the Louisville Metro Police Department and argued that Officers Campbell and Metzler violated those procedures. Additionally, there has been some testimony from Officers Campbell and Metzler that they did not fully remember their training or that the guidelines restricted the use of tasers on the neck. Other than that testimony, however, Plaintiff has offered no evidence that Metro Government itself failed to provide proper training. Plaintiff has not offered any expert testimony regarding what training should have been given. Moreover,

Plaintiff has failed to offer any evidence that Officers Campbell and Metzler were not trained according to the S.O.P.s. Finally, there has been no testimony that the S.O.P.s were inadequate in any manner. In essence, Plaintiff merely argues that because Officer Campbell allegedly violated the S.O.P.s, Louisville Metro Government must have failed to properly train him. That inference is not permissible in light of the evidence presented.

      A failure to train claim carries a significant burden. To succeed on a failure to train claim, the plaintiff must prove each of the follow three elements:

1. Louisville Metro Government's training program was inadequate to train its officers to properly carry out their duties, including the use of tasers;
2. The need for more training or different training was so obvious, and the inadequacy of the training given was so likely to result in violation of others' constitutional rights, that Louisville Metro Government can be reasonably said to have been deliberately indifferent to the need for such training; and
3. The failure of Louisville Metro Government to properly train its officers was a cause of Mr. Noles' injuries.

*See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Even if Plaintiff has presented evidence to establish element one, there has been no evidence that the need for more training was so obvious, and the inadequacy of the training was so likely to result in a violation of others' constitutional rights, that Louisville Metro Government was deliberately indifferent to the need for such training. In fact, Plaintiff does not contest the adequacy of the S.O.P.s or offer any other training that should have been conducted. The mere fact that officers may have forgotten some of their training or misunderstood it does not show that the police department acted with a deliberate indifference to the rights of others. *See Id.* at 390-91 ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program."). As the U.S. Supreme Court said, "[P]lainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city

liable." *Id.* at 391.

In the end, construing the evidence in a light most favorable to Plaintiff, Plaintiff has merely shown that at least one officer did not follow the S.O.P.s and may not have understood the training he received. Such a claim does not establish sufficient evidence for a jury to find in Plaintiff's favor on the failure to train claim.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that judgment as a matter of law on the failure to train claim is SUSTAINED in Defendant's favor.

cc: Counsel of Record