UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-465-H

FILED
Jeffrey A. Apperson, Clerk
DEC 0 3 2009
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CHRIS MEINHART, PUBLIC ADMINISTRATOR FOR THE ESTATE OF LARRY NOLES                                                       PLAINTIFF

V.

MICHAEL CAMPBELL, MATTHEW METZLER, AND LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT                                                       DEFENDANTS

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence. Do not single out one instruction alone as stating the law but you should consider the instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you. You are permitted to draw

1

reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony, or by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached, and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

The rules of evidence permit a witness who by education and experience has become an expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses

testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

In this case it is Plaintiff's responsibility to persuade you that his claim is more likely true than not. If Plaintiff fails to persuade you on every essential element of his claim, then you should find for Defendant on that claim.

## INSTRUCTION NO. 1

Under the Fourth and Fourteenth Amendments to the Untied States Constitution, every person has a right not to be subjected to unreasonable force while being taken into custody, even though the police officers' actions are otherwise made in accordance with due process of law. On the other hand, an officer has the right to use such force as is necessary under the circumstances.

Plaintiff contends that Officers Michael Campbell and Matthew Metzler's use of the taser and/or the manner of the use of the taser when they encountered Mr. Larry Noles amounted to excessive force. To prove his claim of excessive force, Plaintiff must prove each of the following elements:

*First:* That Officer Campbell and/or Officer Metzler used excessive force against Mr. Noles when taking him into custody; and

*Second:* That either Officer's use of excessive force was the proximate cause of Mr. Noles' death.

Under the first element, you must first determine whether Officer Campbell and/or Officer Metzler used the taser. Then, you must determine whether the use or manner of use of the taser amounted to "excessive force." In doing so, you should consider, in light of all the surrounding circumstances, the degree of force a reasonable and prudent officer would have applied under the circumstances. If you determine that Officers Campbell and Metzler acted as a reasonable officer would have acted, then you will find that the officers did not use excessive force. If, however, you find that the officers used more force than a reasonable and prudent officer would have used under the circumstances, you will find that they did use excessive force.

4

In deciding the first element, you must consider the evidence against each officer individually and determine whether either officer used excessive force. You may consider factors such as the need for force, the amount of force used compared to the amount necessary, and the extent of the injury inflicted. You should base your decision on how a reasonable officer at the scene would have acted, without the benefit of 20/20 hindsight. In making this decision, you may consider that police officers are often required to make split second decisions about the amount of force necessary, but such decisions still must be reasonable under the circumstances. You are not to consider the motivations of the officers, but rather only whether their actions were objectively reasonable.

If you find that either Officer Campbell or Officer Metzler used excessive force, you must consider the second element, that the use or manner of use of the taser found to be excessive force was the proximate cause of Mr. Nole's death. An act is the "proximate cause" when it appears from the evidence in the case that it played a substantial part in bringing about or causing Mr. Noles' death.

**Question No. 1: Do you believe that the plaintiff has proven each of the elements of the excessive force claim with respect to either officer?** Indicate your answer, either yes or no, for each officer on the Verdict Form under Question No. 1. If you answer "yes" for either officer, proceed to Instruction No. 2. If you answer "no" for both officers, sign and date the Verdict Form and return to the Courtroom.

5

## INSTRUCTION NO. 2

Having found for Plaintiff against one or both officers, you must now determine Plaintiff's compensatory damages. Compensatory damages are the amount of money necessary to fairly and reasonably compensate Mr. Noles' estate for the harm caused by the use of excessive force. The amount of the damages may not be based on sympathy or speculation, but must be based solely on the evidence presented at trial. Compensatory damages may not be used as a form of punishment. In reaching your decision regarding compensatory damages, you should award damages only for the following factors, to the extent they were proved by the evidence:

1. Emotional and physical pain resulting from the use of excessive force;

2. Impairment of Mr. Noles' ability to earn money for the duration of his life expectancy; and

3. Any other costs, such as funeral expenses, incurred by Plaintiff as a result of the use of excessive force.

In considering the impairment of Mr. Noles' ability to earn money, you should consider that Mr. Noles had a life expectancy of 70 years and was 52 years old when he passed away.

If you find that Plaintiff has failed to prove any actual damages, you shall award nominal damages in the amount of one dollar.

**Question No. 2: What are Plaintiff's compensatory damages caused by the use of excessive force?** Indicate your answer on the Verdict Form under Question No. 2 and proceed to Instruction No. 3.

6

## INSTRUCTION NO. 3

Plaintiff is also requesting punitive damages from Officers Campbell and Metzler. Punitive damages are simply an award of money with the purposes of punishing the defendant for some extraordinary misconduct and deterring the defendant or others from committing similar acts in the future. Such damages are not based on the actual monetary harm done to the plaintiff.

Simply because you have found for Plaintiff against at least one officer does not mean that you must award punitive damages. Rather, Plaintiff must prove that he is entitled to punitive damages. To do so, Plaintiff must prove that one or both police officers willfully and intentionally violated Mr. Noles' right to be free from excessive force or that the officers acted with reckless or callous indifference toward that right. In determining whether punitive damages are appropriate, you should consider the nature of each officer's conduct, the value of some form of pecuniary punishment and the potential for deterrence of such behavior in the future. You may not award punitive damages because of any sympathy, bias or prejudice with respect to any party in the case. If you determine that punitive damages should be awarded, you must set the amount, applying your common sense, at a level appropriate for fulfilling the purposes of punitive damages.

**Question No. 3: How much money, if any, should plaintiff receive as punitive damages from each officer?** Indicate your answer, either zero or some amount you determine appropriate, for each officer on the Verdict Form under Question No. 3, then sign and date the Verdict Form and return to the Courtroom.

7

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.