UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CHRIS MEINHART, PUBLIC ADMINISTRATOR, as Administrator of the Estate of Larry Noles )))) | |
| Plaintiff ) | |
| vs. ) | CIVIL ACTION NO. 3:07-CV-465-H |
| MICHAEL L. CAMPBELL, ET AL ))))) | |
| Defendants ) | |

## MOTION TO SET ASIDE or VACATE JUDGMENT AND/OR MOTION FOR MISTRIAL DUE TO JUROR MISCONDUCT

Comes the Plaintiff, Chris Meinhart, Public Administrator, and respectfully moves this Court to set aside or vacate the Judgment in this case or grant a mistrial due to juror misconduct and for his motion states as follows:

The civil litigant's right to an impartial jury inheres in the seventh amendment's preservation of a "right to trial by jury" and the fifth amendment's guarantee of due process. U.S. Const. amend VII; U.S. Const. amend. V; *McCoy v. Goldston,* 652 F.2d 654, 657 (6th Cir. 1981); *Kiernana v. Van Schraik*, 347 F.2d 775, 778 (3d. Cir. 1965). Hence, the issue before the Court is a United States Constitutional issue as well as an issue pertaining to a litigant's right to a fair trial and due process. One touchstone of a fair trial is an impartial trier of fact—"a jury capable and willing to decide the case solely on the evidence before it." *Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982).

In the instant case, as the Court and opposing counsel are already aware, undersigned counsel was contacted the next business day, after the jury finished deliberating. Juror "T.B." informed undersigned counsel over the phone of the violations of oath and directives of the Court for the jurors to only judge this case by the evidence out of the witness stand. Juror "T.B." informed the undersigned that the "Jury Foreman," who was the primary advocate for the police officers, tainted the process by doing independent research on the internet at Taser International's website. Upon learning this information, the Court set a hearing for Thursday, December 10, 2009, at 3:30 p.m. Present were the Plaintiff, counsel for the Plaintiff, counsel for the Defendants, Juror T.B. and the Court. Juror T.B. was examined under oath by the Court and all present learned of the Jury Foreman's violations of the process and the taint in which he created on the process. In addition to the "Jury Foreman's" blatant disregard for the law and the directives of the Court, Juror T.B. also disclosed that at least one other juror also sought information outside of the evidence and discussed it with the other jurors during deliberations.

In addition it has come to the undersigned's attention that the Jury Foreman has been making comments within the community since the trial that would indicate a bias in favor of Defendants and against Plaintiffs in the legal justice system. This information helps to explain why an individual would go to such great lengths as to violate the law and oath of a juror by going out of his way to gather impermissible information for the sole purpose of tainting the process and corrupting justice in favor of one of the parties, in this case the police.

Under the "appearance of evil" doctrine established by the Kentucky Supreme Court, the Court's inquiry as to whether or not information affected the deliberations of a jury was irrelevant as established in <u>Young v. State Farm Mutual Automobile Insurance Company</u>, 975 S.W.2d 98 (Ky.1998) and <u>Dillard v. Ackerman</u>, 668 S.W.2d 560 (Ky.App. 1984). The Court must only consider whether or not an irregular act occurred and did it create the "appearance of

evil." The "appearance of evil" does not mandate that evil actually occurred (that the jury's decision was impacted by the improper act) but whether or not the litigants and the general public could view this trial as being conducted fairly and free from the opportunities of contamination. The "appearance of evil" principle has been triggered and the Judgment must be vacated or a mistrial declared. *See also Juett v. Calhoun*, 405 S.W.2d 946 (Ky. 1966).

At the very least, if the Court requires further fact seeking of the taint and the prejudice that it had on the panel, the Court is permitted to conduct a further investigation into the juror misconduct by putting every juror under oath to determine if there was any violation to the Constitutional guarantee of fair trial conducted by impartial and indifferent jurors based upon the evidence presented. *See United States v. Shackleford,* 777 F.2d 1141, 1145 (6th Cir.1985). Clearly established Supreme Court precedent dictates that when a trial court is presented with evidence that an extrinsic influence has reached a jury which has a potential for tainting that jury, due process requires that trial court to take steps to determine what the effect of such extraneous information actually was on that jury. *See Williams v. Bagley*, 380 F.3d 932. 945 (6th Cir. 2004), *citing to Nevers v. Killinger*, 169 F.3d 352, 373 (6th Cir. 1999), *overruled on other grounds by Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000); cf. *United States v. Rigsby*, 45 F.3d 120, 124-125 (6th Cir. 1995).

Wherefore, the Plaintiff, the Estate of Larry Noles, respectfully requests this Court to Set Aside or Vacate the Judgment in this matter or to declare a mistrial based upon a clear violation of the Jury Foreman and at least one other jury pursuant to the "appearance of evil" doctrine, or at the very least, hold an evidentiary hearing to expose the taint on the deliberations.

Respectfully submitted,

s/Garry R. Adams
GARRY R. ADAMS, ESQ
Clay & Adams, PLLC
Suite 1730
462 South Fourth Avenue
Louisville, Kentucky 40202
(502) 561-2005

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2009, a copy of the foregoing Motion was filed electronically with the Clerk of the Court using the CM/ECF System which will send a note of electronic filing to the following:

B. Frank Radmacher, III
Assistant Jefferson County Attorney
531 Court Place- Suite 900
Louisville, KY 40202
*Counsel for Defendants, Louisville/*
*Jefferson County Metro Government*
*Michael J. Campbell and Matthew J. Metzler*

s/Garry R. Adams
*Counsel for Plaintiff*