UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-465-H

CHRIS MEINHART, PUBLIC ADMINISTRATOR,
as Administrator of the Estate of Larry Noles                                            PLAINTIFF

V.

MICHAEL L. CAMPBELL, et al.                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

After a jury trial resulting in a defendant's verdict as to Matthew Metzler and hung jury as to Michael Campbell, Plaintiff has moved to set aside or vacate the judgments or declare a mistrial due to juror misconduct.

The current status of the case is that Plaintiff's claims against Campbell are set for retrial on February 23, 2010. Unless otherwise restored by this Court, Plaintiff's claims against Metzler are dismissed based upon the jury verdict. Consequently, the only relevant issue before the Court is whether to restore Metzler as a defendant for trial on February 23, based on jury misconduct.

Everyone agrees that certain misconduct occurred among several jurors in connection with the jury deliberations in this case. That misconduct could well have affected the jury's view about the lethal or non-lethal nature of taser use. Normally, in such a circumstance the proper course of action would be to set aside all verdicts and retry all claims. However, in our case, the evidence at trial may make such action inappropriate as to Metzler.

The evidence at trial indicates that only Campbell actually fired his taser. The electronic

downloads suggest this; the video appears to confirm this; all of the eye witnesses except for one couple confirm that Campbell fired his taser and Metzler did not. Consequently, it was no surprise that the jury found a defendant's verdict in favor of Metzler.

The only basis for liability on the part of Metzler or Campbell is based upon actual deployment of their tasers. Having heard all of the testimony, the Court has absolutely no doubt that Campbell deployed his taser and Metzler did not. The evidence is so clear that the Court could have entered a directed verdict in favor of Defendant Metzler.

Therefore, the juror misconduct was not prejudicial as to Plaintiff on the verdict in favor of Metzler. Because Metzler was in no way responsible for the misconduct, he should not be punished by retrial where the evidence of his liability is so weak.

The misconduct may well have affected the non-verdict as to Campbell. Consequently, Plaintiff's motion would be sustained as to his claims against Campbell.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to set aside the jury verdict is SUSTAINED as to Defendant Campbell and the claims against him shall be tried on February 23, 2010; and the motion is DENIED as to the claims against Defendant Metzler.

cc:     Counsel of Record